## No. 14,793.

RITCHIE ET AL. *v.* FERRELLI ET AL.

(119 P. [2d] 610)

Decided September 29, 1941. Rehearing denied December 1, 1941.

Mr. S. D. Brosius, for plaintiffs in error.

Mr. Ralph L. Neary, for defendants in error.

*In Department.*

Mr. Justice Otto Bock delivered the opinion of the court.

This action, primarily, is a controversy between sister and brother over the title to real estate. The father, who was the owner of, and held the record title to, the property involved, permitted his daughter and her husband to live on the premises for approximately seven years. During that time he, on several occasions, made statements that the property is or would become theirs. While in continuous possession, the daughter, through her husband, made a number of improvements on the premises, involving a cost in labor and material of approximately $700. The father, who worked in Trinidad, Colorado, visited them during the holiday seasons; no rental was paid to him for the occupied premises, and, with the exception of one year, he continued to pay the taxes. About one year prior to his death, being in failing health, he took up his abode with the daughter and her husband, who ministered to and cared for him as he grew weaker. About three months preceding his demise he left his daughter's home and procured accommodations near the residence of his son, to whom he shortly thereafter executed and delivered a warranty deed conveying the real estate here involved, which

deed was recorded December 27, 1937. Upon reading a statement of this conveyance in the public press, the daughter and her husband talked to the father about it, who said, "Oh, that is nothing; I can easily get that back again." Thereafter, January 25, 1938, the daughter's husband filed a mechanic's lien statement against the property, in which he stated under oath that the son was the owner of the property. He also made similar statements to the collector of the water utility, when refusing to pay the water rent. The father died March 17, 1938. Some time thereafter the son conveyed the property to L. Myers, one of the defendants in error, a real estate man, in order that he might act as the agent of the son to dispossess the daughter. After several conferences with the daughter and her husband Myers concluded that he did not want to be a party to a lawsuit, and reconveyed the property to the son. The trial court. found the issues in favor of the son and entered a decree quieting the title to the property in him.

The primary contention of the daughter and her husband, plaintiffs in error, is that they obtained the property from the father by parol gift, absolute and unconditional. A reading of the entire record discloses that the evidence on this issue was in conflict, under which circumstances, the findings thereon by the trial court will not be disturbed.

At the conclusion of the trial, over the objections of counsel for plaintiffs in error, the court permitted defendants in error to amend their answer to conform to the evidence. Such action was discretionary with the trial court, and the record does not disclose that it abused its discretion.

We have considered, but find it unnecessary to discuss, other contentions.

The judgment is affirmed.

MR. JUSTICE BAKKE and MR. JUSTICE HILLIARD concur.

MR. CHIEF JUSTICE FRANCIS E. BOUCK not participating.